## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | | |
|---|---|---|
| **ELEASE WILLIAMS** | * | **CIVIL ACTION NO. 07-0812** |
| **Versus** | * | **JUDGE JAMES** |
| **REALTY SHELTERS, L.L.C., ET AL** | * | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is the United States' motion to dismiss on behalf of Paul Eiland, Margaret Sansone, and Trey Decker for lack of subject matter jurisdiction pursuant to F.R.C.P. 12(b)(1) (document No. 7).  The motion is unopposed.  For the reasons stated below, it is recommended that the motion be **GRANTED**.

### STATEMENT OF THE FACTS

According to the complaint, Plaintiff contracted with Realty Shelters, L.L.C. ("Realty Shelters") to install a mobile home, sewer system, and driveway.  After the work was completed, the United States Department of Agriculture, Rural Development inspected the premises and found that the work was not in compliance with the contract.  Realty Shelters was notified of the deficiencies, but made no attempt to remedy the allegedly noncompliant work.

Plaintiff's original state court petition alleged breach of contract by Realty Shelters.  Her amended petition named Presidential Properties, L.L.C. as a defendant and requested service on it and on the movers, Paul Eiland, Margaret Sansone, and Trey Decker.  However, neither the original nor amended petition made any allegations of negligence or fault against any of the individual defendants.

1

On May 9, 2007, the United States timely removed the matter to this Court on the basis that the three individual defendants were federal employees working within the course and scope of their employment at all times relevant hereto, bringing this matter under the jurisdiction of this court pursuant to the Federal Tort Claims Act.

## LAW AND ANALYSIS

A court must grant a motion to dismiss for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.  *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005).  Lack of subject matter jurisdiction may be found through any of the following bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) citing *Barrera-Montenegro v. U.S.*, 74 F.3d 657, 659 (5 th Cir. 1996).  The burden of proof for a motion to dismiss for lack of subject matter jurisdiction is on the party asserting jurisdiction. *Broussard v. U.S.*, 989 F.2d 171 (5th Cir. 1993).

The subject matter jurisdiction of this Court and tort liability of the United States and its employees rests entirely upon a waiver of sovereign immunity under the Federal Tort Claims Act ("FTCA").  28 U.S.C. §§ 1346(b), 2671-2680.  If the movers have been named as defendants to this suit, it is pursuant to the FTCA and their employment with the federal government.

While the Plaintiff requested service on the moving defendants, it is unclear whether she actually intended to name them as defendants.  They are not listed as defendants in either the original or amended petition.  The only paragraphs that mention the movers are paragraphs C and F of the amended petition. The only allegation regarding  Eiland is that he sent a construction estimate to the petitioner.  (Amended Petition ¶ C).  The only allegations regarding Sansone and

2

Decker are that they inspected the property and "notified the Defendant that the work had not been performed according to the terms of the contract." (Amended Petition ¶ F).  Thus, it appears that the plaintiff, who was pro se at that time,  may have been simply alleging that the federal employees are witnesses.  However, because the plaintiff requested service on the individual federal employees, they will be treated as defendants to this action for purposes of this motion.

It is a jurisdictional prerequisite to an FTCA action that all administrative remedies first be exhausted. 28 U.S.C. § 2675(a).  Petitioner failed even to file an administrative claim with the appropriate agency.  Therefore, it is recommended that the motion to dismiss for lack of subject matter jurisdiction be **GRANTED**.[1]

For the reasons stated above, it is recommended that the motion to dismiss be **GRANTED and that Plaintiff's claims against defendants Paul Eiland, Margaret Sasone, and Trey Decker be dismissed without prejudice** for lack of subject matter jurisdiction.

Finally, given the facts that this matter was removed from state court and that there is no basis for jurisdiction against the remaining defendants in this Court**, it is further recommended that the remainder of this case be REMANDED forthwith to the Fourth Judicial District Court, Parish of Morehouse, State of Louisiana, for further proceedings.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections

---

[1]  The movers also suggest the possibility that plaintiff was attempting to assert a Tucker Act claim.  To that extent, jurisdiction is also improper in this Court as any such action must be filed in the Court of Federal Claims, which has exclusive jurisdiction over such cases. The undersigned fails to see that the petition makes a Tucker Act claim, but to the extent Plaintiff has done so, it should also be dismissed for lack of jurisdiction.

within **ten (10) business days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 26th day of July, 2007.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE

4